UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CORNELIUS LORENZO WILLIAMS,

    Plaintiff,

v.

Officer WALSKI, and
Officer TOM WILLIAMS,

    Defendants.

Civil No. 12-2954 (SRN/AJB)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. The case has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief against one of the named Defendants – Officer Tom Williams. The Court will therefore recommend that this action be dismissed as to Defendant Williams pursuant to 28 U.S.C. § 1915A(b).

**I. BACKGROUND**

Defendant Officer Walski is alleged to be a police officer with the City of Winona Police Department. Plaintiff alleges that on February 21, 2012, he was driving a car on the

---

[1] When Plaintiff commenced this action, he did not tender the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). Plaintiff's IFP application is being granted by a separate order entered contemporaneously with this Report and Recommendation.

streets of the City of Winona. While Plaintiff's car was stopped, Walski allegedly pulled up behind him and approached the car. The complaint indicates that Walski had no reason to believe Plaintiff had done anything wrong, or was in need of any police assistance, but rather, Walski approached Plaintiff merely "for being a black driver driving a motor vehicle in the city limits of Winona." It is further alleged that Walski issued Plaintiff a citation for an undisclosed offense, and then "illegally searched and towed" Plaintiff's vehicle.

During the next few months after that incident, Walski allegedly "harassed" Plaintiff on other occasions. On some of those occasions, Walski apparently issued citations to Plaintiff for undisclosed offenses. According to Plaintiff, all of the citations that Walski allegedly issued were later dismissed by the prosecuting attorney for the City of Winona.

The other named Defendant in this case, Tom Williams, is mentioned in only one paragraph of the complaint, which reads as follows:

> "Officer Tom Williams is employed with the Winona Sheriff Department, and is the elected city sheriff for the City of Winona."[2]

(Complaint, [Docket No. 1], p. 4, "Statement of Claim," ¶ 7.)

The caption of Plaintiff's complaint indicates that he is bringing this action under 42 U.S.C. § 1983, which presumably means that he seeking relief for some alleged violation of his federal constitutional rights. However, the compliant does not mention the Constitution, or any specific constitutional rights.

---

[2] In Minnesota, a sheriff normally is an elected <u>county</u> official. Therefore, Plaintiff's identification of Tom Williams as "the elected <u>city</u> sheriff for the <u>City</u> of Winona" is somewhat confusing. However, that confusion (and apparent misidentification) has no bearing on the Court's evaluation of Plaintiff's claims against Tom Williams.

Although the complaint does not describe any actual injury to Plaintiff that was caused by Defendants, Plaintiff is seeking a judgment against Defendants for $40,000, "and anything else the Court deem appropriate."

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government officials, his complaint is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that a prisoner's pleading fails to state an actionable claim, it must be summarily dismissed pursuant to § 1915A(b).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry,

364 F.3d 912, 915 (8th Cir. 2004).

To bring an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendants violated the complainant's federal constitutional rights while acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, the Court finds that Plaintiff's complaint does not state any actionable civil rights claim against Defendant Tom Williams, because the complaint does not describe anything that Williams allegedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. Indeed, the complaint does not allege any acts or omissions by Defendant Williams of any kind. Plaintiff alleges only that Defendant Williams "is employed with the Winona Sheriff Department, and is the elected city sheriff for the City of

Winona."

To state an actionable civil rights claim against a particular named defendant, the plaintiff must describe some specific unconstitutional offense committed by that defendant. As explained by the Supreme Court, the "plaintiff must plead that each Government-official defendant, <u>through the official's own individual actions</u>, has violated the Constitution." Iqbal, 129 S.Ct. at 1948 (emphasis added). Again, Plaintiff has not described anything that Defendant Tom Williams personally did, or failed to do, that allegedly violated Plaintiff's constitutional rights. Therefore, Plaintiff has failed to plead an actionable § 1983 claim against Defendant Tom Williams.

## III. CONCLUSION

Because Plaintiff's complaint does not state any cause of action against Defendant Tom Williams, the Court will recommend that he should be dismissed from this action, pursuant to 28 U.S.C. § 1915A(b). Plaintiff be allowed to pursue his claims against the sole remaining Defendant, Officer Walski, at this time, without prejudice to any defenses that Walski might seek to raise hereafter.

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

All of Plaintiff's claims against Defendant Tom Williams be summarily dismissed pursuant to 28 U.S.C. § 1915A(b), and Tom Williams be dismissed from this action .

Dated:   December 12, 2012

       s/ Arthur J. Boylan  
ARTHUR J. BOYLAN  
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 27, 2012.