# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cornelius Lorenzo Williams,                            Civil No. 12-2954 SRN/AJB

             Plaintiff,

v.                                         **REPORT AND RECOMMENDATION<br>ON MOTION TO STRIKE<br>AMENDED COMPLAINT**

Officer Walski,

             Defendant.

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on defendant's Motion to Strike Plaintiff's Amended Complaint [Docket No. 24]. Defendant moves to strike the Amended 42 U.S.C. § 1983 Civil Rights Complaint filed by plaintiff on May 17, 2013[1] on grounds that the filed pleading was not in compliance with the court's Order on Motion to Amend dated May 2, 2013, wherein plaintiff was permitted to file an amended complaint only on specific conditions. The Order advised plaintiff that certain fact allegations could be modified and a § 1983 claim could be re-asserted, but that he would not be allowed to add an additional designated named defendant or add a Sixth Amendment claim or Fourteenth Amendment due process and equal protection claims.[2] Plaintiff was expressly advised that a pleading that was not wholly consistent with the court's Order would be stricken and the initial complaint would be the operative pleading.

The amended complaint that was filed by the plaintiff on May 17, 2013, purports

---

[1] [Docket No. 23].

[2] [Docket No. 19].

to add three defendants[3] who have not been previously named in this action.  Also, the pleading states a Fourteenth Amendment claim which was expressly disallowed by the court, alleges a Fifth Amendment claim without prior leave of court, and describes changes made to the text of certain paragraphs and renumbering of subparagraphs.  Neither the initial complaint nor the amended complaint states facts that establish the plausibility of particular Fifth Amendment or Fourteenth Amendment claims.  See  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974 (2007) (a complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible.)  Finally, the amended complaint merely states the intended changes and is not submitted as a complete and consolidated document.  In sum, plaintiff has utterly failed to comply with conditions for amending his complaint pursuant to the court's Order and the amended complaint should therefore be stricken.

Now therefore, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Strike Plaintiff's Amended Complaint be **granted** [Docket No. 24];

2. Plaintiff's Amended 42 U.S.C. § 1983 Civil Rights Complaint at Docket No. 23 should be **stricken** from the court docket, and plaintiff's initial complaint at Docket No. 1 should be designated the operative pleading in this case.

3. The plaintiff should further be prohibited from filing pleadings without prior

---

[3]  Christine Ledebuhr, described as a state public defender who represented plaintiff in underlying criminal matters; Janet Last Name Unknown, identified as the Goodhue County Jail program director who denied his request for a § 1983 complaint form; and Unknown female Winona Police Officer who removed personal property from plaintiff's vehicle.

leave of court and should be advised that failure to abide by the court's orders and instructions may result in sanctions.

Dated:     June 6, 2013

                                                                    s/ Arthur J. Boylan
                                                                   ARTHUR J. BOYLAN
                                                                   United States Chief Magistrate Judge


       Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before June 23, 2013.