# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Cornelius Lorenzo Williams,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Officer Walski,<br><br>　　　　　　Defendant. | Case No. 12-cv-2954 (SRN/AJB)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Cornelius Lorenzo Williams, *pro se*, for Plaintiff.

Joseph E. Flynn and Michael P. Goodwin, Jardine Logan & O'Brien PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, Minnesota 55042, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.　INTRODUCTION

This matter is before the Court on Plaintiff's Objection [Doc. No. 33] to Chief Magistrate Judge Arthur J. Boylan's June 6, 2013, Report and Recommendation [Doc. No. 27], which recommended: (1) granting Defendant's Motion to Strike Plaintiff's Amended Complaint [Doc. No. 24]; (2) striking Plaintiff's Amended Complaint [Doc. No. 23]; (3) designating Plaintiff's initial complaint [Doc. No. 1] as the operative pleading; (4) prohibiting Plaintiff from filing further pleadings without prior leave; and (5) advising Plaintiff that failure to abide by the Court's orders and instructions may result in sanctions. For the reasons that follow, the Court adopts the Magistrate Judge's

1

Report and Recommendation and overrules Plaintiff's Objection.

## II. BACKGROUND

On November 26, 2012, Plaintiff Cornelius Williams filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. [Doc. No. 1]. On April 8, 2013, Plaintiff filed an "Amended 42 U.S.C. § 1983 Civil Right Complaint and Action," alleging violations of his "fourth, sixth, and fourteenth Amendment Rights under the United States Constitution and a violation of the Equal Protection clause of the United States Constitution." [Doc. No. 15-1]. Plaintiff also sought to add Winona Police Chief Paul Bostrack as a party defendant. (Id.) Defendant opposed Plaintiff's motion to amend. [Doc. No. 17].

On May 2, 2013, this Court granted Plaintiff's motion in part and denied it in part. [Doc. No. 19]. The Court ordered the following:

> 2. The motion to amend is **granted** to the extent that it seeks to modify the fact allegations as presented in the Fact section, Paragraphs 1-12, and to re-assert a § 1983 claim for a Fourth Amendment violation;
>
> 3. The motion to amend is **denied** to the extent plaintiff seeks to add Paul Bostrack as a defendant, and the motion to amend is **denied** to the extent plaintiff seeks to add a claim under the Sixth Amendment and due process and equal protection claims under the Fourteenth Amendment.
>
> 4. An amended complaint, consistent with this Order shall be filed by the plaintiff on or before **May 20, 2013**. In the event a proper amended complaint is not timely filed, or a pleading is filed that is not wholly consistent with this order, the amended complaint will be stricken and the initial complaint will be the operative pleading. Defendant shall file an amended answer to an amended complaint within 10 days after filing an amended complaint. **No reply or response to an amended answer shall be filed by the plaintiff**. Thereafter, neither party may file an amended pleading in this action without prior leave of court.

(Id.)

Plaintiff did not file an objection to the Magistrate Judge's Order on his Motion to Amend. On May 17, 2013, Plaintiff filed an "Amended 42 U.S.C. § 1983 Civil Rights Complaint," which added factual allegations, parties, and new constitutional claims. [Doc. No. 23]. Specifically, Plaintiff added as party defendants Christine Ledebuhr, Plaintiff's public defender in his felony and misdemeanor cases; "Janet Last Name Unknown," a Winona County jail employee; and an "Unknown female Winona Police officer." (Id. at 1-2.) Plaintiff also appeared to allege that his Fifth and Fourteenth Amendment rights were violated by the deprivation of a digital scale and a "decorative nick knack," which he believes were removed from his vehicle during an allegedly illegal search. (Id. at 7-8.)

Defendant moved to strike Plaintiff's amended complaint. [Doc. No. 24]. On June 6, 2013, the Magistrate Judge recommended granting Defendant's motion because Plaintiff "utterly failed to comply with conditions for amending his complaint pursuant to the court's Order" by attempting to add parties and claims that were expressly disallowed. [Doc. No. 27 at 2]. The Magistrate Judge also found that "[n]either the initial complaint nor the amended complaint states facts that establish the plausibility of particular Fifth Amendment or Fourteenth Amendment claims," and that the amended complaint "merely states the intended changes and is not submitted as a complete and consolidated document." (Id. at 2.) The Magistrate Judge recommended that Plaintiff be prohibited from filing further pleadings without leave of Court, and that Plaintiff be advised that failure to abide the court's orders and instructions may result in sanctions.

(Id. at 2-3.)  On June 13, 2013, Plaintiff filed his objection to the Magistrate Judge's Report and Recommendation.  [Doc. No. 33].

## III.   DISCUSSION

### A.  Standard of Review

A district court must make an independent, *de novo* evaluation of those portions of a report and recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b).

### B.  Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's Report and Recommendation "entirely." (Pl.'s Objection to the R & R at 1 [Doc. No. 33].)  Defendant responds that Plaintiff failed to amend his complaint in compliance with the Court's May 2, 2013, Order; Plaintiff's instant objection is essentially an untimely challenge to the May 2, 2013, Order; and Plaintiff failed to comply with other applicable rules and pleading standards. (Def.'s Resp. to Pl.'s Objection to the Magistrate Judge's June 6, 2013, Report and Recommendation at 5-9 [Doc. No. 38].)

The Court finds that the Magistrate Judge's Report and Recommendation was proper.  First, the Magistrate Judge correctly noted that Plaintiff's amended complaint failed to comply with conditions set forth by the Court for amending his complaint. [Doc. No. 27 at 2.]  This Court's Order on May 2, 2013 permitted Plaintiff to modify the fact allegations in paragraphs 1-12 and to re-assert a § 1983 claim for a Fourth Amendment violation by May 20, 2013, but it did not permit adding a claim under the

Sixth Amendment or due process and equal protection claims under the Fourteenth Amendment. [Doc. No. 19]. Here, Plaintiff did not amend the fact section as permitted by the Court. Rather, Plaintiff added three defendants that were previously unnamed in this action, and Plaintiff asserted constitutional claims in direct violation of the Court's Order. [Doc. No. 33]. Failure to comply with permissible conditions for amending his Complaint led the Magistrate Judge to recommend granting Defendant's motion to strike the amended complaint.

Second, the Magistrate Judge correctly found that the amended complaint "merely states the intended changes and is not submitted as a complete and consolidated document." (Report and Recommendation on Mot. to Strike Am. Compl. at 2 [Doc. No. 27].) Plaintiff vaguely states that "[c]ertain things need[sic] to be removed and added from the statement of claim and the place of present of confinement part D need to move to the statement of claim section." (Pl.'s Objection to the R & R at 1 [Doc. No. 33].) In addition, Plaintiff does not submit a proposed amended pleading that shows how it differs from the operative pleading. D.Minn. LR 15.1(b) ("Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading."). These additional reasons support the Magistrate Judge's recommendation to grant Defendant's motion to strike the amended complaint.

Third, the Magistrate Judge properly observed that the initial and amended complaints do not plead facts that sufficiently establish the plausibility of Fifth

Amendment or Fourteenth Amendment claims. (Report and Recommendation on Mot. to Strike Am. Compl. at 2 [Doc. No. 27].) Plaintiff's amended complaint appears to allege that his Fifth and Fourteenth Amendment rights were violated by the deprivation of a digital scale and a "decorative nick knack," which he believes were removed from his vehicle during an allegedly illegal search. (Am. 42 U.S.C. § 1983 Civil Rights Compl. [Doc. No. 23].) A complaint need not contain detailed factual allegations, but it must contain facts with enough specificity "to raise a right to relief above the speculative level." Minnesota Majority v. Mansky, 708 F.3d 1051, 1055 (8th Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These facts do not contain enough specificity. Although the Court views *pro se* pleadings liberally, the complaint cannot be merely conclusory; it must allege facts which, if true, state a claim as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1285-86 (8th Cir. 1980).

For these reasons, the Magistrate Judge's properly recommended granting Defendant's motion to strike Plaintiff's amended complaint.

## IV. ORDER

Based on a *de novo* review of the record, the Court **OVERRULES** Plaintiff's Objection [Doc. No. 33] and **ADOPTS** the Magistrate Judge's June 6, 2013, Report and Recommendation [Doc. No. 27].

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objection [Doc. No. 33] to the Magistrate Judge's June 6, 2013, Report and Recommendation [Doc. No. 27] is **OVERRULED**;

2. The Magistrate Judge's June 6, 2013, Report and Recommendation [Doc. No. 27] is **ADOPTED**;

3. Plaintiff's Amended 42 U.S.C. § 1983 Civil Rights Complaint [Doc. No. 23] is **STRICKEN** from the Court's docket, and Plaintiff's initial complaint [Doc. No. 1] is designated as the operative pleading in this case;

4. Plaintiff is prohibited from filing pleadings without prior leave of court; and

5. Plaintiff is advised that failure to abide by the Court's orders and instructions may result in sanctions in the future.

Dated: August 21, 2013

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge